United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHADD ANDREW BASS,
Plaintiff,

v.

CUPERTINO ELECTRIC, INC.,
Defendant.

Case No. 26-cv-10313-NW

**ORDER TO DEFENDANT TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

Re: ECF No. 1

Plaintiff filed suit in the Superior Court of California for the County of Santa Clara alleging that Defendant violated the Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et seq.* ECF No. 1 at 9–53. Defendant removed this case to federal court based on 28 U.S.C. §§ 1331, 1367, 1441, and 1446(b), in particular on the grounds that the PAGA claim is preempted by the Labor Management Relations Act ("LMRA"). ECF No. 1 at 3–5.

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted). Even when no party raises the issue of subject matter jurisdiction, a federal court must *sua sponte* address the issue unless it is satisfied that subject matter jurisdiction exists. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). A defendant seeking removal to federal court "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

United States District Court
Northern District of California

The LMRA provides federal question jurisdiction over "suits for violation of contracts between an employee and a labor organization." 29 U.S.C. § 185. When the LMRA applies, it completely preempts state law claims. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). The LMRA displaces state law where a plaintiff's "right exists solely as a result of [a] CBA" (collective bargaining agreement) or is "substantially dependent on analysis of a collective bargaining agreement." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007).

"In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Here, Plaintiff's complaint does not mention a union, any CBAs, and alleges no facts that would support LMRA preemption. *See, generally,* ECF No. 1 at 9–53. And although Defendant has attached CBAs purportedly governing their employees within Alameda and San Joaquin Counties, it does not adequately explain how Plaintiff's claims exist solely as a result of the CBAs or "substantially dependent on analysis of" the CBA(s).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). Because Defendant's Notice of Removal does not satisfy the Court of its subject matter jurisdiction, Defendant is ORDERED TO SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction. The Court sets the following briefing schedule:

- **No later than October 16, 2026**, Defendant shall file a response to this Order, not to exceed **7** pages, substantiating that Plaintiff is subject to the attached CBAs ***and*** explaining specifically how Plaintiff's claims implicate "right[s that] exist[] solely as a result of [a] CBA" or "substantially depend[] on analysis of a collective bargaining agreement." *Burnside*, 491 F.3d at 1059–60.
- **No later than October 30, 2026**, Plaintiff may file a response in opposition, if any, not exceeding 7 pages if he disputes he is subject to the CBAs or that his complaint

United States District Court
Northern District of California

requires interpretation of the CBAs.

- **No later than November 6, 2026**, Defendant may file a reply, not to exceed 3 pages.

The Court sets a hearing on this matter for **Wednesday November 18, 2026** at 9:00 a.m. in Courtroom 3, 5th Floor, Federal Courthouse, 280 South First Street, San Jose, California.

**IT IS SO ORDERED.**

Dated: October 2, 2026

Noël Wise
United States District Judge